1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  MICHELLE J. KANE (CABN 210579)
   Assistant United States Attorney
5
        1301 Clay Street, Suite 340S
6       Oakland, California 94612
        Telephone: (510) 637-3680
7       FAX: (510) 637-3724
        michelle.kane3@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 08-00862 SBA |
| Plaintiff, | [PROPOSED] ORDER OF DETENTION |
| v. | |
| CONNELL BRADLEY, | |
| Defendant. | |

The parties appeared before the Honorable Kandis A. Westmore on January 28, 2019, for a detention hearing on a supervised release violation petition. The current proceedings relate to the Third Amended Petition for Warrant for Offender Under Supervision, filed October 4, 2017. ECF No. 46.

At the hearing, the government moved to detain Bradley, arguing that defendant could not meet his burden of demonstrating by clear and convincing evidence that he is not a danger to another person or a flight risk. Both parties proffered information for the Court to consider in reaching a decision on the detention motion. The United States Probation Officer also recommended that Bradley be detained, due to the danger he poses to others and his risk of nonappearance.

Bradley opposed the detention motion and asked to be released from custody. He argued that he could appropriately be placed at a treatment facility and that his continued physical disability reduced

[PROPOSED] DETENTION ORDER
CR 08-00862 SBA

his danger to the community.

In the supervised release revocation context, the burden is on the defendant seeking release to "establish[] by clear and convincing evidence that the [defendant] will not flee or pose a danger to any other person or to the community. Federal Rule of Criminal Procedure 32.1(a)(6). *See also* 18 U.S.C. § 3143(a); Federal Rule of Criminal Procedure 46(c) and (d); *United States v. Loya*, 23 F.3d 1529 (9th Cir. 1994).

Upon consideration of the parties' proffers and information provided by the United States Probation Officer, as well as Court records in the case against Bradley, the Court finds that Bradley has not met his burden to provide clear and convincing evidence that he does not pose a danger to any other person or the community and is not a flight risk. The Court therefore orders Bradley detained.

In considering the Court's record and the information presented at the hearing, the Court finds that Bradley did not meet his burden to provide clear and convincing evidence at this time because: (1) the Third Amended Petition alleges a violation involving defendant's arrest on charges of Obstructing a Peace Officer (Cal. Pen. Code § 148(a)(1)), Resisting Arrest (Cal. Pen. Code § 69), False Imprisonment (Cal. Pen. Code § 236), and Burglary (Cal. Pen. Code § 459), According to the Petition, defendant was arrested after being approached by Vallejo police officers in a vehicle with false registration. Defendant fled on foot, broke into an apartment in which children were present, armed himself with a knife, and threatened to kill himself; (2) As alleged in Charges One, Two, Three, and Five of the current Petition, Bradley has failed to live at the location he designated to the Probation Office, has failed to participate as directed in drug abuse testing and treatment, has failed to participate in a mental health evaluation; and was out of the district without permission at the time of the above arrest; (3) Defendant has previously failed to remain as directed in a residential dual-diagnosis program, as described in Charge Six of the current Petition; (4) In September 2017, Defendant failed to report to a residential re-entry center when released by the Solano County Superior Court specifically for that purpose, resulting in defendant being a fugitive, as detailed in Charge Seven of the Petition; and (5) Bradley, who was in Criminal History Category VI at the time of his underlying conviction, has prior felony convictions including assault with a deadly weapon likely to cause great bodily injury, in violation of the California Penal Code, and bank robbery, in violation of 18 U.S.C. § 2113(a) and 1951(a), in addition to other

1  adjudications detailed in the PSR at paragraphs 67-70.

2      The defendant is hereby committed to the custody of the Attorney General for confinement in a
3  corrections facility. The defendant must be afforded reasonable opportunity for private consultation with
4  his counsel. On order of a court of the United States or on request of any attorney for the government,
5  the person in charge of the corrections facility in which the defendant is confined shall deliver the
6  defendant to an authorized Deputy United States Marshal for the purpose of any appearance in
7  connection with a court proceeding.

8      IT IS SO ORDERED.

10  DATED: February 1, 2019

                                        HONORABLE KANDIS A. WESTMORE
                                        United States Magistrate Judge